**SO ORDERED.**

**SIGNED this 10 day of October, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

CAROLYN A. ADAMS and
THOMAS R. ADAMS,

       Debtors.                    CASE NO. 08-04577-8-JRL
                                              Chapter 13

_____

## ORDER

The matter before the court is the debtor's amended motion to reinstate this case and set aside the order for dismissal entered on August 25, 2008. For the reasons that follow, the motion will be allowed.

On July 8, 2008, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. On July 9, 2008, the court sent the debtor a deficiency notice for failing to disclose any reasonably anticipated increase in income or expenditures as provided for on line 17 of Schedule I and line 19 of Schedule J. The notice included a warning that the case would be subject to automatic dismissal pursuant to 11 U.S.C. § 521(i) if the required documents were not timely

filed.[1]

The debtors subsequently failed to file a statement concerning future changes in income or expenditures and the case was automatically dismissed pursuant to § 521(i) on August 25, 2008. Also on August 25, and one day after the deadline for doing so, the debtors filed amendments to their schedules which indicated they did not anticipate any change in income or expenses within the following year. On September 6, 2008, the debtors filed an amended motion to reinstate the case, asserting that line 17 of Schedule I and line 19 of Schedule J were intentionally left blank.

Section 521(a)(1) requires that the debtor file "a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition[.]" 11 U.S.C. § 521(a)(1)(B)(vi). Failure by a Chapter 13 debtor to file all of the information required under § 521(a)(1) within 45 days after the petition date will result in an automatic dismissal. 11 U.S.C. § 521(i)(1). Here, the debtors' case was automatically dismissed when they failed to disclose any anticipated change in income or expenditures. However, the debtors' amended schedules revealed that the debtors' counsel apparently omitted this information because they anticipate no change in income or expenditures. On these facts, the court is unwilling to deem this a noncompliance with § 521 that would be fatal to the case.

Based on the foregoing, the motion to reinstate the case and set aside dismissal is ALLOWED.

"END OF DOCUMENT"

---

[1] Section 521(i)(1) provides, in relevant part, that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."